UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON BANAS,

    Plaintiff,

v.

MERIDIAN TOWNSHIP POLICE
OFFICER MICHAEL HAGBOM,
individually,

    Defendant.

Case No. 1:17-cv-00306
Hon. Paul L. Maloney

| | |
|---|---|
| Jonathan R. Marko (P72450)<br>**Ernst & Marko Law, PLC**<br>Attorney for Plaintiff<br>645 Griswold Street, Suite 4100<br>Detroit, Michigan 48226<br>(313) 965-5555<br>jon@ernstmarkolaw.com | G. Gus Morris (P32960)<br>Christopher J. Raiti (P68600)<br>**McGraw Morris, PC**<br>Attorneys for Defendant<br>2075 W. Big Beaver Road, Suite 750<br>Troy, Michigan 48084<br>(248) 502-4000<br>gmorris@mcgrawmorris.com<br>craiti@mcgrawmorris.com |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL TO THE SIXTH CIRCUIT COURT OF APPEALS**

## INTRODUCTION

This case arises out of the excessive force and unreasonably violent conduct exerted by Defendant Michael Hagbom on Plaintiff Jason Banas as Plaintiff tried to walk home from a party on August 30, 2014. Defendant moved for Summary Judgment on the basis of qualified immunity on May 30, 2018. **Dkt. 37**. This Court entered an order on February 28, 2019 denying in part and granting in part Defendant Michael Hagbom's Motion for Summary Judgment on the basis of qualified immunity. **Dkt. 56**. Specifically, this Court denied qualified immunity to Defendant for

the knee strikes and 10-second tasor strike that Plaintiff endured after Plaintiff was already subdued. Notably, regarding the knee strikes, this Court found:

> Plaintiff's version of the events has not been "blatantly contradicted" and "utterly discredited by the record," such that "no reasonable jury could believe it." *Landis v. Phalen*, 297 F. App'x 400, 405 (6th Cir. 2008) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). **Factual issues therefore preclude a grant of summary judgment on this use of force**.

**Dkt 56. at 14** (emphasis added). Likewise, "[t]he excessive force analysis of [the tasor deployment] largely aligns with that of the alleged knee strikes." *Id*. at 15.

Defendant subsequently filed a notice of appeal, pursuant to *Mitchell v. Forsyth*, 472 U.S. 511 (1985), to challenge this Court's denial of qualified immunity on the knee strikes and tasor deployment. As explained below, Defendant's appeal is frivolous. First, it is clearly established law in this Circuit that officers may not use gratuitous force against subdued suspects who pose no threat to officers. Officers who do use such force are thereby not entitled to qualified immunity. Second, because Defendant's conduct falls squarely within the category of prohibited and illegal police force, the only issues left to be determined are issues of fact. Because the only issues left are issues of fact, Defendant's Appeal serves only to delay trial. As such, the Court of Appeals is without jurisdiction to hear this case. Accordingly, Defendant's Motion for Stay should be denied.

## ARGUMENT

While appeal of denial of qualified immunity typically acts as an automatic stay, the District Court has the authority to certify an appeal as frivolous and begin the trial as scheduled, without regard to the pending appeal. *Yates v. Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991). An appeal is frivolous if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes. *McDonald v. Flake*, 814 F.3d 804, 816 (6th Cir. 2016).

I. **DEFENDANT'S APPEAL IS WITHOUT MERIT.**

A. **It is Clearly Established in the Sixth Circuit that Police Officers May Not Use Gratuitous Force Against Subdued Suspects Who Pose No Threat to the Officers.**

"It is clearly established that officers may not use gratuitous force against subdued suspects who pose no threats to officers." *Leath v. Webb*, 323 F. Supp. 3d 882, 899 (E.D. Ky. 2018) (citing *Ortiz ex rel. Ortiz v. Kazimer*, 811 F.3d 848, 852 (6th Cir. 2016). *See also Baker v. City of Hamilton*, 471 F.3d 601, 607 (6th Cir. 2006) ("[W]e have held repeatedly that the use of force after a suspect has been incapacitated or neutralized is excessive as a matter of law."))

Defendant's claim of qualified immunity was presented in the context of a motion for summary judgment. As such, the facts must be looked at in the light most favorable to Plaintiff. In that light, this Court found that Plaintiff's version of the events was not blatantly contradicted or utterly discredited by the record, such that no reasonable jury could believe it. **Dkt. 56 at 14**. And, Plaintiff alleged that he was entirely subdued prior to being tased and struck with Defendant's knee. When viewing the facts in the light most favorable to Plaintiff, Defendant clearly and unequivocally exerted significant force on Plaintiff after Plaintiff was sufficiently subdued, in clear violation of Plaintiff's Fourth Amendment rights. Defendant is thereby left only with arguments regarding the level of force used—i.e., issues of fact.

B. **The Sixth Circuit Court of Appeals Lacks Jurisdiction to Hear Defendant's Appeal because the Only Issues Presented Are Issues of Fact.**

"[O]nce a defendant's argument drifts from the purely legal into a factual realm…[the Sixth Circuit Court of Appeal's] jurisdiction ends and the case should proceed to trial." *Berryman v Rieger*, 150 F.3d 561, 564-65 (6th Cir. 1998). While the appellate court may exercise jurisdiction over solely legal issues so long as "the legal issues are discrete from the factual disputes," *see Phelps v. Coy*, 286 F.3d 295, 298 (6th Cir. 2002), where a defendant's appeal attempts to persuade

the Court to believe his version of the facts, the Court **must** dismiss the appeal. *Id*. at 565. (Emphasis added).

As noted above, Plaintiff's version of the facts must be accepted, as it was not contradicted by anything other than Defendant's own version of the facts. Plaintiff's version of the facts thereby demonstrates a clear and uncontradicted picture of excessive force used on Plaintiff after Plaintiff was subdued. In other words, Defendant has not presented evidence to contradict Plaintiff's version, blatantly or otherwise, and this Court wisely found that the only issues left are issues of fact. For the same reasons that "[f]actual issues…preclude[d] a grant of summary judgment" in this Court, the Sixth Circuit lacks jurisdiction to hear this case.

## II. DEFENDANT'S APPEAL IS PROSECUTED ONLY TO DELAY TRIAL.

The unmistakable futility of a Defendant's appeal is compelling evidence that an appeal is prosecuted for an improper purpose, like delaying trial. *See WSM, Inc. v. Tenn. Sales Co.*, 709 F.2d 1084, 1088 (6th Cir. 1983). This is even more so where a Defendant is on notice that they must accept the Plaintiffs' version of the facts and argue only legal issues, but the Defendant seeks an appeal where there are no legal issues presented. *See Bailey v. Columbus Bar Ass'n*, 25 F. App'x 225, 229 (6th Cir. 2001). This gross futility influences a Court's view of whether the Defendant intended "delay, harassment, or other improper purposes." *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 944 (6th Cir. 2013).

Trial is scheduled for July 2019, just around three months from today. Notably, the Sixth Circuit has scheduled briefing in the appeal as follows:

| | |
|---|---|
| Appellant's Brief (Hagbom) | **Filed electronically by May 21, 2019** |
| Appellee's Brief (Banas) | **Filed electronically by June 19, 2019** |
| Appellant's Reply Brief | 21 days after the last appellee brief is filed |

4

**Exhibit 1—Briefing Order April 15, 2019**.

Given the likely length of consideration the Sixth Circuit will afford this appeal, it is all but certain that this case will not proceed to trial until 2020 at the earliest, assuming the Sixth Circuit rules in favor of Plaintiff. And, given the lack of merit in Defendant's appeal, "[t]he unmistakable futility of [this] appeal is compelling." Further, *Forsyth* appeals like this one have the gross potential for abuse. In *Yates*, the Sixth Circuit warned that, "unfortunately" defendant could employ these interlocutory appeals from the denial of qualified immunity "for the sole purpose of delaying trial," "often to the disadvantage of the plaintiff." *See McDonald*, 814 F.3d at 817. As there are no pending issues of law in Defendant's appeal, it is meritless. And because it is meritless, it can only serve to delay trial, which is impending.

## CONCLUSION

Plaintiff respectfully request that this Honorable Court deny Defendant's Motion for Stay pending appeal because Defendant's appeal is without merit and because it thereby seeks only to delay trial.

Respectfully submitted,

*/s/ Jonathan R. Marko*
Jonathan R. Marko (P72450)
**Ernst & Marko Law, PLC**
Attorney for Plaintiff-Appellee
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
jon@ernstmarkolaw.com



645 GRISWOLD ST
SUITE 4100
DETROIT, MI 48226

ERNSTMARKOLAW.COM
(313) 965-5555

ERNST & MARKO LAW

**PROOF OF SERVICE**

I hereby certify that on April 24, 2019, I served Plaintiff's Response to Defendant's Motion for Stay Pending Appeal to all counsel of record via this Court's ECF system.

*/s/ Kevin M. Thompson*

